# In the United States Court of Federal Claims

No. 19-590C

(Filed: December 23, 2019)

**NOT FOR PUBLICATION**

| | |
|---|---|
| CHAD HARGREAVES, ) | Pro Se Complaint; Prisoner Claim |
| ) | Alleging Unjust Imprisonment and |
| Plaintiff, ) | Involuntary Servitude; Plaintiff's |
| ) | Motion to Proceed In Forma Pauperis; |
| v. ) | Defendant's Motion to Stay Answer; |
| ) | Three Strikes Rule, 28 U.S.C. |
| THE UNITED STATES, ) | § 1915(g) (2012); Sua Sponte |
| ) | Dismissal for Lack of Subject Matter |
| Defendant. ) | Jurisdiction, RCFC 12(h)(3). |
| ) | |

Chad Hargreaves, Hardwick, GA, pro se.

Steven C. Hough, Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

    The court has before it two motions. Plaintiff filed his motion for leave to proceed in forma pauperis (IFP) on April 25, 2019. See ECF No. 5. Defendant filed its cross-motion to stay answer and opposition to plaintiff's motion for leave to proceed IFP on May 9, 2019. See ECF No. 8.

    Because the court lacks subject matter jurisdiction over plaintiff's claims, the court must dismiss this case sua sponte pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Also, plaintiff is barred from proceeding pro se in this action, as explained below. Thus, plaintiff's motion must be **DENIED** and defendant's motion must be **DENIED** as moot.

I.   Background

On April 15, 2019, plaintiff Chad Hargreaves, who is incarcerated in a state prison in Georgia, filed his complaint in this matter alleging violations of his constitutional rights by the State of Georgia. ECF No. 1 (complaint). Plaintiff references his rights to due process and equal protection, among other constitutional guarantees. Id. at 1-11, 13, 16. Plaintiff seeks $50,000,000 in punitive damages. Id. at 17.

On April 22, 2019, the clerk of the court issued a notice of filing fee due informing plaintiff that the "court has not received the required filing fee of $400.00 or a completed application to proceed in forma pauperis," pursuant to 28 U.S.C. 1926(a) (2012) and RCFC 77.1(c). See ECF No. 4 at 1. On April 25, 2019, plaintiff filed a motion for leave to proceed IFP. See ECF No. 5. Plaintiff's filing was submitted on a United States District Court for the Middle District of Georgia "motion to proceed without prepayment of fees and affidavit" form, not this court's application to proceed in forma pauperis form. Id.

Plaintiff asserts that he is not employed and that he owns no real estate, or other tangible property, for that matter. Id. at 1-2. The prisoner trust fund account statement and accompanying certification submitted by plaintiff note that plaintiff has a $0 available balance, and that he has "Obligations/Court Charges" in the amount of $2,389.27. Id. at 4-5.

On May 9, 2019, defendant filed the government's opposition to plaintiff's motion to proceed IFP and a cross-motion to stay the answer deadline "to respond to the complaint until sixty days after either the Court grants Mr. Hargreaves' motion to proceed in forma pauperis, or Mr. Hargreaves pays his full filing fee for this action." ECF No. 8 at 1. The principal argument raised by defendant in its cross-motion is that the dismissals of prior lawsuits filed by plaintiff as a prisoner bar him from proceeding in this court. Id. at 2 (citing cases brought before this court and two federal district courts that were dismissed); see id. at 5-20 (copies of court orders of dismissal attached to defendant's cross-motion). Before turning to the parties' motions, the court addresses the legal standards that govern this dispute.

II.   Legal Standards

A.   Pro Se Litigants

The court acknowledges that pro se plaintiffs "are not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

2

B.   Jurisdiction

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

The Tucker Act concurrently "waives the Government's sovereign immunity for those actions." Id. The statute does not, however, create a substantive cause of action or right to recover money damages in the Court of Federal Claims. Id. "[T]o come within the jurisdictional reach and the [sovereign immunity] waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Id. (citations omitted).

In other words, the source of law underlying the cause of action must be money-mandating, in that it "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" United States v. Testan, 424 U.S. 392, 400 (1976) (citations omitted). If the provision relied upon is found to be money-mandating, the plaintiff need not rely upon a waiver of sovereign immunity beyond the Tucker Act. Huston v. United States, 956 F.2d 259, 261 (Fed. Cir. 1992) (citing United States v. Mitchell, 463 U.S. 206, 218 (1983)). If, on the other hand, no money-mandating source supports the cause of action, jurisdiction is lacking and this court must dismiss the action. See id. at 261-62 (affirming the dismissal of a claim where the statute relied upon by the plaintiff was not money-mandating).

III.   Analysis

A.   Three Strikes Rule Applies to Plaintiff's IFP Application

Plaintiff has moved the court "to be allowed to proceed without the requirement to pre-pay fees or costs." ECF No. 5 at 1. Defendant argues that the "three strikes rule" bars plaintiff from proceeding IFP in this suit because three or more federal lawsuits brought by Mr. Hargreaves were dismissed as frivolous or for failure to state a claim upon which relief can be granted. ECF No. 8 at 1-2 (citing 28 U.S.C. § 1915(g) (2012)). The evidence submitted by defendant in this regard, ECF No. 8 at 5-20, is challenged by plaintiff, ECF No. 12 at 1-7 (plaintiff's response/reply brief).

3

In relevant part, the statute which states the three strikes rule provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). One strike accrues when a dismissal of a prisoner's suit is on any of the following grounds: the suit is "frivolous, malicious, or fails to state a claim upon which relief may be granted." Id.

Plaintiff's response/reply brief is not a model of clarity. Plaintiff appears to argue that the evidence of dismissals of his lawsuits on the ground of frivolousness is flawed in some way. ECF No. 12 at 1-2. Plaintiff also suggests that the issue of the sufficiency of such evidence is the subject of an appeal before the United States Court of Appeals for the Second Circuit. Id. at 2. Plaintiff's arguments that the three strikes rule should not apply in this case are not persuasive in face of the dismissals cited by defendant, and are unavailing for other reasons, as well.

First, plaintiff's response/reply brief itself references three different suits filed by Mr. Hargreaves where failure to state a claim was the reason for the dismissal. Id. at 3-4; see also Hargreaves v. Gregor, No. 4:16-cv-0224-HLM-WEJ, slip op. at 3 (N.D. Ga. Aug. 19, 2016); Hargreaves v. Smith, No. 4:16-cv-0169-HLM-WEJ, slip op. at 3 (N.D. Ga. Aug. 19, 2016); Hargreaves v. Page, No. 4:16-cv-0190-HLM-WEJ, slip op. at 3 (N.D. Ga. Aug. 16, 2016). These were all federal lawsuits dismissed while he was a prisoner; Mr. Hargreaves is therefore barred by the three strikes rule from proceeding IFP in this suit and is obligated to pay the court's $400.00 filing fee before this suit can proceed. 28 U.S.C. § 1915(g).

The court notes, further, that the Second Circuit recently dismissed the appeal mentioned in plaintiff's response/reply brief. See ECF No. 12 at 2; see also Hargreaves v. Georgia, No. 18-3360 (2d Cir. July 15, 2019) (order dismissing appeal). The Second Circuit did not permit Mr. Hargreaves to proceed IFP in that appeal. Id. When the public record of all of the dismissals of Mr. Hargreaves's lawsuits cited by the parties is considered, there is no doubt that Mr. Hargreaves is barred from pursuing a suit in this court without first paying the filing fee, because he is barred from proceeding IFP by the three strikes rule in 28 U.S.C. § 1915(g).

Finally, the court notes that Mr. Hargreaves's complaint does not fall within the narrow exception to the three strikes rule for suits alleging that "the prisoner is under

imminent danger of serious physical injury." Id. The court must agree with defendant that the complaint contains no such allegation, ECF No. 8 at 2, and plaintiff's response/reply brief does not address the issue.[1] Plaintiff's motion to proceed IFP is denied.

### B. No Jurisdiction over Plaintiff's Claims

The complaint relies on a variety of legal authorities, which, in plaintiff's view, entitle him to a monetary remedy for his claims of unjust imprisonment and involuntary servitude, which are founded on his incarceration in state prison. ECF No. 1 at 1, 7, 9-13. Plaintiff's complaint also alleges that his arrest, and the conditions at the facility where he was held after he was arrested, violated the law. Id. at 2, 4-6. This court does not possess jurisdiction over such claims. Rather than discuss each of the legal arguments presented by plaintiff, the court focuses, instead, on the nature of his claims and the jurisdictional limits of this court. See, e.g., Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994) ("Regardless of the characterization of the case ascribed by [the plaintiff] in [his] complaint, we look to the true nature of the action in determining the existence or not of jurisdiction." (citing Livingston v. Derwinski, 959 F.2d 224, 225 (Fed. Cir. 1992))).

Claims challenging the validity of a plaintiff's arrest and imprisonment are not within the jurisdiction of this court. See, e.g., Mitchell v. United States, 136 Fed. Cl. 286, 288-89 (2018) (noting that the constitutional amendments invoked in claims challenging arrests and imprisonment, such as the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments, are not money-mandating sources of law that support jurisdiction in this court) (citations omitted). Claims challenging prison conditions are also not within this court's jurisdiction. See, e.g., Robinson v. United States, 127 Fed. Cl. 417, 420 (2016) (dismissing a prisoner claim challenging prison conditions because tort claims, and claims alleging cruel and unusual punishment barred by the Eighth Amendment, are not within this court's jurisdiction) (citations omitted); Smith v. United States, 51 Fed. Cl. 36, 38 (2001) (dismissing a prisoner claim alleging "involuntary servitude in violation of the Thirteenth Amendment" for lack of subject matter jurisdiction) (citation omitted), aff'd, 36 F. App'x 444 (Fed. Cir. 2002). Finally, it is well-established that due process and equal protection claims rely on constitutional provisions which are not money-mandating; thus, such claims are not within this court's jurisdiction. See, e.g., Carter v. United

---

[1] Even when a prisoner's suit before the court contains an allegation of imminent danger of serious physical injury, this court lacks the equitable jurisdiction to consider such claims. See Perry v. United States, No. 13-332C, 2013 WL 12110163, at *3 (Fed. Cl. June 7, 2013) (noting that such allegations by a prisoner sound in equity and fall outside the jurisdiction of the court) (citing Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997)); see also United States v. King, 395 U.S. 1, 3 (1969) (noting that this court's jurisdiction does not extend to "equitable matters" as a general rule).

5

States, 142 Fed. Cl. 159, 162 (2019) (noting that the due process and equal protection guarantees of the Fifth Amendment are not money-mandating) (citing Carruth v. United States, 627 F.2d 1068, 1081 (Ct. Cl. 1980)); Vondrake v. United States, 141 Fed. Cl. 599, 602 (2019) (dismissing for lack of subject matter jurisdiction claims founded on the due process and equal protection guarantees of the Fourteenth Amendment) (citation omitted), aff'd sub nom. Drake v. United States, Nos. 2018-2135 & 2019-1572, 2019 WL 5960464 (Fed. Cir. Nov. 13, 2019).

The complaint before the court presents no claim that is within this court's jurisdiction. Pursuant to this court's rules, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). This suit must therefore be dismissed.[2]

IV. Conclusion

Because no jurisdiction lies in this court for plaintiff's claims, dismissal of this suit is required by RCFC 12(h)(3). Also, for the reasons stated in this opinion, plaintiff's motion to proceed in forma pauperis must be denied pursuant to 28 U.S.C. § 1915(g). Accordingly,

(1) Plaintiff's motion to proceed in forma pauperis, ECF No. 5, is **DENIED**;

(2) Defendant's motion to stay answer, ECF No. 8, is **DENIED** as moot;

(3) The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice;

(4) The clerk's office is directed to **REJECT** any future submissions received in this matter from plaintiff, with no further order of the court;

(5) Plaintiff Mr. Chad Hargreaves is immediately **ENJOINED** from filing any new documents with this court without first obtaining leave to do so. Any motion for leave to file must include as an attachment a full complaint that meets all of the requirements of RCFC 8, including an explanation of why the complaint is timely and properly before this court and unrelated to any prior litigation he has pursued. In the event that the court grants a motion for leave to file, Mr. Chad Hargreaves will be required to pay in full the

---

[2] The court has considered whether Mr. Hargreaves's claims should be transferred to another federal court. See 28 U.S.C. § 1631 (2012). Transfer is not in the interest of justice, however, because Mr. Hargreaves is barred from filing suits in other federal courts, as well, under the three strikes rule. 28 U.S.C. § 1915(g).

6

court's filing fee to proceed. Copies of this order shall be provided to the staff attorney's office of the court, as well as the clerk's office; and

(6)  In addition, the court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3) (2012), that any appeal from this entry of judgment would not be taken in good faith because, as asserted, Mr. Hargreaves's claims are clearly beyond the subject matter jurisdiction of this court.

IT IS SO ORDERED.

_____
PATRICIA E. CAMPBELL-SMITH
Judge